IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


RALPH JAMES BUCHANAN,          :
                               :
          Petitioner           :    CIVIL NO. 3:CV-15-821
                               :
     v.                        :    (Judge Conaboy)
                               :
WARDEN EBBERT,                 :
                               :
          Respondent           :
_____

# MEMORANDUM
## Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Ralph James Buchanan, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Named as Respondent is USP-Lewisburg Warden Ebbert. The required filing fee has been paid.

Buchanan states that he entered a guilty plea to a charge of possession with intent to distribute methamphetamine in the United States District Court for the Middle District of Florida. He was sentenced to a term of life imprisonment on July 3, 1996. See Doc. 1, ¶ 4. Petitioner's conviction and sentence were affirmed on direct appeal. See United States v. Buchanan, 131 F.3d 1005 (11th Cir. 1997). His direct appeal asserted that the trial court acted improperly by: (1) not making a ruling on downward departure; (2) mistakenly determining that findings of fact at sentencing are to be based on a preponderance standard

or a clear and convincing evidence; and (3) making erroneous findings concerning converted quantities.  The Court of Appeals dismissed the appeal on the grounds that Buchanan could not appeal his sentence because his plea agreement included a valid waiver of his right to appeal.  See id. at 1009

Buchanan acknowledges that he next filed a request for relief under 28 U.S.C. § 2255 which was denied by the trial court on December 23, 1999.  See Doc. 1, ¶ 11.  Petitioner asserts that his § 2255 action raised a claim of imposition of an illegal sentence.  Petitioner also indicates that he subsequently filed a second § 2255 action which sought relief under Alleyne v. United States, 133 S.Ct. 2151 (2013).[1]  His second § 2255 action was dismissed by the sentencing court on June 30, 2014.  See id.

Petitioner's pending action generally claims entitlement to federal habeas corpus relief on the basis that "Buchanan is being illegally detained after his maximum authorized sentence has been satisfied."  Id. at ¶ 9.  The Petitioner further contends that he does not meet the criteria for pursuing a successive motion under § 2255.  See id. at ¶ 12.

---

[1] Alleyne held that any fact that increases the mandatory minimum sentence is an element which must be presented to the jury and proven beyond a reasonable doubt. The Third Circuit Court of Appeals has held that Alleyne cannot be retroactively applied to cases on collateral appeal.  See United States v. Winkelman, 746 F. 3d 134, 136 (3d Cir. March 26, 2014).

In an accompanying supporting memorandum, Petitioner explains that the "language of the indictment authorizes the Court to sentence him to a maximum of twenty (20) years in prison and that the maximum sentence has been satisfied."[2]  Doc. 2, p. 2.  Petitioner elaborates that controlling federal statutory provisions mandate that his maximum sentence be based upon the quantity of the controlled substance alleged in the indictment which in his case only warranted the imposition of a 20 year sentence.

Based upon the nature of Petitioner's allegations his action will be construed as challenging the legality of this federal sentence. Buchanan also asserts that he did not raise his pending claim of an excessive sentence in either his direct appeal or § 2255 action due to the negligence of his attorney and his own lack of knowledge of the law. See id. at p. 3.

## Discussion

**Standard of Review**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania

---

[2] Petitioner indicates that he has served 17 years, 6 months, and 19 days as of January 27, 2015 and because of entitlement to good time credits, he has satisfied the 20 year sentence.

Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993).  Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the

4

fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

When challenging the validity of a federal sentence, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, No. 08-3898, 2009 WL 1154194, at *2 (3d Cir. Apr. 30, 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence") A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 2009 WL 1154194, at *2 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court

5

does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed Appx. 149, 151 (3d Cir. Apr. 16, 2009).

   Petitioner is clearly challenging the validity of his conviction and sentence which was imposed by the Middle District of Florida.  Thus, he must do so by following the requirements of § 2255.  Petitioner acknowledges that his pending argument was not included  in his unsuccessful direct appeal and § 2255 proceedings.  Consequently, Buchanan must obtain certification from the Eleventh Circuit Court of Appeals to file another collateral challenge to his conviction and sentence.  The fact that he may have been unable to secure such a certification does not make does not render the § 2255 process "inadequate or ineffective" or make his pending claim cognizable in a § 2241 action.

   Furthermore, Petitioner's pending arguments are not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review.  Buchanan has also not shown that he was unable to present his claims in a § 2255 proceeding or that they are based upon any newly discovered evidence.

As recognized in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Petitioner has not shown that he was unable to present his present claims on direct appeal or in a § 2255 proceeding, and in fact some of his pending claims were presented in those proceedings. As a result, Buchanan's pending argument for relief does not fall within the Dorsainvil exception. See Levan v. Sneizek, No. 08-4116, 2009 WL 997442, at *2 (3d Cir. April 15, 2009); Smith v. Snyder, 48 Fed. Appx. 109, 110-11 (6th Cir. 2002).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed without prejudice.³ This dismissal does not preclude Petitioner from seeking authorization from the Eleventh Circuit

---

³ If Petitioner can show that he is seeking relief based upon a new rule of law applicable to his case and that said new rule applies retroactively to matters on collateral review, he may file a motion for reconsideration within fourteen (14) days of the date of this Order.

7

Court of Appeals to file a successive § 2255 petition.  An appropriate Order will enter.

>                           S/Richard P. Conaboy
>                           RICHARD P. CONABOY
>                           United States District Judge

DATED: MAY 20, 2015